**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4713**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

     v.

JASON S. SWISHER,

             Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.   Gina M. Groh, District Judge.  (3:13-cr-00002-GMG-DJJ-2)

Submitted:  February 25, 2014        Decided:  March 10, 2014

Before DUNCAN and FLOYD, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

William T. Rice, Martinsburg, West Virginia, for Appellant. Robert Hugh McWilliams, Jr., Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jason Swisher appeals the thirty-three-month sentence imposed by the district court after he pled guilty to conspiracy to possess with intent to distribute and to distribute heroin, in violation of 21 U.S.C. § 846 (2012). Swisher's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that he has found no meritorious grounds for appeal but questioning whether the district court erred in calculating Swisher's total offense level under the Guidelines. Swisher was informed of his right to file a pro se supplemental brief but has not done so. We affirm.

We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. Id. at 51. In determining procedural reasonableness, we consider, among other things, whether the district court properly calculated the advisory Guidelines range. Id.

Swisher's counsel first questions whether the district court erred by imposing a two-level enhancement for possession of a firearm under U.S. Sentencing Guidelines Manual ("USSG") § 2D1.1(b)(1) (2012), based on testimony from the confidential informant at a co-defendant's sentencing hearing. Appellate

2

courts have generally permitted a sentencing court to use testimony from other proceedings as long as a defendant has an opportunity to rebut the evidence. United States v. Blackwell, 49 F.3d 1232, 1236-37 (7th Cir. 1995) (collecting cases). Because the presentence report set forth essentially the same facts to which the informant testified at Swisher's co-defendant's sentencing hearing and Swisher had an opportunity to object to those facts, the district court did not err in relying on the informant's testimony to impose the firearm enhancement. See USSG § 2D1.1 cmt. n.11(A); United States v. Slade, 631 F.3d 185, 189 (4th Cir. 2011) (discussing firearm enhancement); see also United States v. Alexander, 714 F.3d 1085, 1092 (8th Cir.) (holding "that the trade of a firearm for drugs warrants [the § 2D1.1(b)(1)] enhancement") (internal quotation marks omitted), cert. denied, 134 S. Ct. 347 (2013).

Swisher also challenges the district court's denial of an acceptance of responsibility adjustment under USSG § 3E1.1. In considering whether a defendant has accepted responsibility, a sentencing court may consider whether the defendant terminated his criminal conduct. USSG § 3E1.1 cmt. n.1(b). Because Swisher consumed alcohol and possessed a controlled substance while on bond awaiting sentencing and therefore did not cease his criminal conduct, we conclude that the district court did not clearly err in denying the acceptance of responsibility

3

adjustment.  See United States v. Jeffery, 631 F.3d 669, 678 (4th Cir. 2011) (stating standard of review).

In accordance with Anders, we have reviewed the entire record for any meritorious grounds for appeal and have found none.  Accordingly, we affirm the district court's judgment. This court requires that counsel inform Swisher, in writing, of his right to petition the Supreme Court of the United States for further review.  If Swisher requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Swisher.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED